IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINE O'DONNELL, | ) | CASE NO: 05-457 JJF |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| INTERCOLLEGIATE STUDIES INSTITUTE, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant, Intercollegiate Studies Institute, Inc., (hereinafter "ISI") hereby answers Plaintiff's Amended Complaint as follows. Defendant denies all the claims set forth in Plaintiff's unnumbered introductory paragraph. All responses to paragraphs set forth below are subject to Defendant's affirmative defenses.

## JURISDICTION AND VENUE

1.   Defendant admits that this Court has jurisdiction pursuant to the Civil Rights Act of 1964, as amended. Otherwise denied.

2.   Defendant admits that venue is proper in the United States District Court for the District of Delaware. All allegations of unlawful employment practices are denied in their entirety.

3.   Admitted that Plaintiff filed administrative charges with the DDOL and the EEOC. It is also admitted that Plaintiff received a Notice of Right to Sue letter from the EEOC dated April 5, 2005, and that Plaintiff filed her original Complaint on July 1, 2005. Otherwise denied.

1

## PARTIES

4.  Admitted that Plaintiff is an adult individual. Defendant is without knowledge sufficient to form a belief as to her state of residency. It is also admitted that Plaintiff was employed by ISI from March 12, 2003 through February 26, 2004. Otherwise denied.

5.  Admitted that ISI is a corporation qualified to conduct business in Delaware and has its principal offices at 3901 Centerville Road, Wilmington, DE 19807. Plaintiff's characterizations of ISI's mission are her self-serving opinions and/or conclusions, and therefore, are denied.

6.  Admitted that the individuals named in this paragraph are directors, officers, employees and/or agents of Defendant. It is likewise admitted that ISI has more than fifteen employees. Otherwise denied.

7.  This allegations seeks a legal conclusion as to which no response is required. By way of further answer, it is admitted that Jeff Nelson had discussions with Plaintiff concerning her employment at ISI. It is further admitted that Mr. Nelson is a Vice President of ISI and that Plaintiff reported to him. Otherwise denied.

8.  This paragraph states Ms. O'Donnell's self-serving claims or conclusions concerning her state of mind. The allegations of this paragraph are denied.

9.  This paragraph states Ms. O'Donnell's self-serving claims or conclusions concerning her state of mind. The allegations of paragraph are therefore denied.

10. This paragraph states Ms. O'Donnell's self-serving claims or conclusions concerning her state of mind. The allegations of this paragraph are therefore denied.

11. Admitted that Plaintiff's title with ISI was "Director of Communications and Public Affairs." Otherwise denied.

12. This allegation states legal conclusions as to which no response is required. By way of further answer, it is admitted that ISI offered Plaintiff a starting base salary of $65,000 per year, and that Plaintiff began employment on March 12, 2003. Otherwise denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. By way of further answer, the Memorandum of February 25, 2004 speaks for itself.

21. This paragraph states Plaintiff's self-serving claims and conclusions as to which no response is required. Otherwise denied.

3

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied

27. Denied.

28. Denied.

29. Admitted that in January 2005 Plaintiff was advised that Jeff Nelson was to taking a sabbatical leave and that she would be assigned to report to Doug Schneider. By way of further answer, Mr. Schneider had longer service with ISI than Plaintiff and was fully qualified for the position to which he was assigned. Plaintiff's self-serving allegations are otherwise denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36.     Denied. By way of further answer, the Memorandum of February 25, 2004 speaks for itself. Plaintiff's self-serving characterizations of the Memorandum are denied.

37.     Admitted that Plaintiff was terminated on or about February 26, 2004. Otherwise denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT I
## RESPONSE TO GENDER DISCRIMINATION UNDER FEDERAL LAW

43.     Defendant hereby incorporates its responses to the allegations raised in paragraphs 1 through 42 above, as if fully set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.  Denied.

50.  Denied.

## COUNT II
## RESPONSE TO GENDER DISCRIMINATION UNDER STATE LAW

51.  Defendant hereby incorporates its responses to the allegations raised in paragraphs 1 through 50, above as if fully set forth herein.

52.  This allegation states a legal conclusion as to which no response is required. Plaintiff's allegations that Defendant violated Delaware or federal law are denied in their entirety.

53.  Denied.

## COUNT III
## RESPONSE TO RETALIATION UNDER FEDERAL LAW

54.  Defendant hereby incorporates its responses to the allegations raised in paragraphs 1 through 53 above, as if fully set forth herein.

55.  Defendant is without knowledge sufficient to form a belief as to when O'Donnell contacted the EEOC and/or her motive for doing so. Plaintiff's allegations that Defendant violated Delaware or federal law are denied in their entirety.

56.  Denied.

57.  Denied.

58. The Memorandum dated February 25, 2004 speaks for itself. Plaintiff's self-serving claims regarding the Memorandum and her alleged actions are denied.

59. Denied.

60. All written communications speak for themselves. Defendant denies Plaintiff's attempts to characterize e-mail or other written communications and will demand strict proof of thereof.

61. Admitted that Plaintiff was advised to report for a meeting with Mr. Nelson and Ms. Pinder. Otherwise denied.

62. Admitted that Plaintiff was terminated on or about February 26, 2002. Plaintiff's self-serving allegations concerning the termination are denied in their entirety.

63. Denied.

64. Denied.

65. Denied.

## COUNT IV
## RESPONSE TO RETALIATION UNDER STATE LAW

66. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs through 65 above, as if fully set forth herein.

67. This allegation states a legal conclusion as to which no response is required. Plaintiff's allegations that Defendant violated Delaware or federal law are denied in their entirety.

68. Denied.

## COUNT V
## RESPONSE TO DEFAMATION

69. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs 1 through 68 above, as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT VI
## RESPONSE TO FRAUDULENT INDUCEMENT

77. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs 1 through 76, above as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

COUNT VII
RESPONSE TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Defendant hereby incorporates by reference responses to the allegations raised in paragraphs 1 through 84 above, as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

COUNT VIII
RESPONSE TO BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH AND FAIR DEALING

89. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs 1 through 88, above as if fully set forth herein.

DB01:1899356 1                                                                                              063128 1001

90. This paragraph states a legal conclusion as to which no response is required. Defendant denies that Defendant violated any legal duty to Plaintiff and/or state or federal law in any respect.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## COUNT IX
## RESPONSE TO TORTUOUS INTERFERENCE WITH CONTRACT

95. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs 1 through 94, above as if fully set forth herein

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## COUNT X
## RESPONSE TO BREACH OF EMPLOYMENT CONTRACT

100. Defendant hereby incorporates by reference its responses to the allegations raised in paragraphs 1 through 99, as if fully set forth herein.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

DB01:1899356.1                                                                 063128.1001

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting the claims set forth in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's defamation claim is barred by qualified or absolute privilege.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's defamation is barred as a matter of law by public policy and the conditional privilege to report workplace conduct.

DB01:1899356 1                                                                         063128 1001

## NINTH AFFIRMATIVE DEFENSE

Defendant would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any allegedly impermissible motivating factor.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendant, by and through the undersigned counsel, hereby requests that Plaintiff's Amended Complaint be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Barry M. Willoughby, Esquire (No. 1016)
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6697
Facsimile: (302) 576-3345; (302) 576-3442
bwilloughby@ycst.com; sreidenberg@ycst.com
Attorneys for Defendants

Dated: November 7, 2005

DB01:1899356.1    063128.1001

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2005, I electronically filed a true and correct copy of the foregoing Answer to Amended Complaint with the Clerk of the Court using CM/ECF and served electronically on the following person. A copy of such Answer was mailed, First Class Mail, postage prepaid to the following person:

> G. Kevin Fasic, Esquire
> Tighe, Cottrell & Logan, P.A.
> First Federal Plaza, Suite 500
> P.O. Box 1031
> Wilmington, DE 19899

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> Barry M. Willoughby, Esquire (No. 1016)
> Seth J. Reidenberg, Esquire (No. 3657)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6666; (302) 571-6697
> Facsimile: (302) 576-3345; (302) 576-3442
> bwilloughby@ycst.com; sreidenberg@ycst.com
> Attorneys for Defendants

Dated: November 7, 2005