UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE O'DONNELL<br><br>    Plaintiff,<br><br>v.<br><br>INTERCOLLEGIATE STUDIES<br>INSTITUTE, INC.<br><br>    Defendant. | :<br>:  C.A. No.: 05-457-JJF<br>:<br>:<br>:<br>:  TRIAL BY JURY DEMANDED<br>:<br>:<br>:<br>: |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### General Responses & Objections

1. Defendant objects to any and all Interrogatories to the extent they seek the disclosure of information or documents protected by the attorney-client and/or work product privileges.

2. Defendant objects to any and all Interrogatories to the extent they seek information not relevant to the subject matter of this action and information not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to any and all Interrogatories to the extent they require them to respond in any other way than as required by Fed. R. Civ. P. 33.

Each of the responses provided below are subject to the general responses and objections outlined herein. Defendant reserves the right to supplement these interrogatories as additional responsive non-privileged information becomes available.

## Answers

1.  Please identify each and every person who participated in, assisted with, contributed to, or provided any information whatsoever in connection with the responses to these interrogatories, identifying each such person by name, job title, and last known address, and identifying specifically the interrogatory number(s) for which they provided such information.

**ANSWER: Defendant objects to this Interrogatory as seeking information protected by the attorney-client privilege and/or work product immunity to the extent that the interrogatories seek identification of persons who participated in or contributed to the responding to these interrogatories. Where such information is requested, Defendant will identify person(s) with knowledge of the facts described in individual interrogatory responses.**

2.  Please identify each and every person who participated in, assisted with, contributed to, commented on, approved, or authorized the hiring of Ms. O'Donnell by ISI, including any and all current or former employees and/or officers of ISI, and any persons who are not employees, officers or directors of ISI, including but not limited to anyone from whom ISI solicited a reference for Ms. O'Donnell.

**ANSWER: Defendant objects to this Interrogatory on the grounds that it is not within the scope of Rule 26, it is overly broad and vague. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:**
   a) T. Kenneth Cribb, Jr., ISI President;
   b) Spencer Masloff, ISI Vice President, Development;
   c) Jeff Nelson, ISI Vice President, Publications;
   d) Scott Rubush, ISI Development Writer;
   e) John Lulves, ISI Executive Vice President (deceased); and

   f) Michael Wallacavage, former ISI employee, who can be reached at 233 N. Church Street, West Chester, PA 19380.

3. Please identify each and every person who participated in, assisted with, contributed to, commented on, approved, or authorized the termination of Ms. O'Donnell's employment by ISI, including any and all current or former employees and/or officers of ISI, and any persons who are not employees, officers or directors of ISI, including but not limited to anyone from whom ISI solicited comments, critiques, criticism, observations, evaluations, or other assessments of Ms. O'Donnell and/or her work performance.

   **ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not within the scope of Rule 26, it is overly broad and vague. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:
   a) T. Kenneth Cribb, Jr., ISI President;
   b) John Lulves, ISI Executive Vice President (deceased);
   c) Douglas Schneider, ISI Director of Sales and Marketing;
   d) Jeff Nelson, ISI Vice President, Publications (no longer employed with ISI);
   e) Elaine Pinder, ISI Vice President and CFO; and
   f) Eileen Duke, ISI Executive Assistant to Jeff Nelson, ISI Senior Vice President, Educational Programs (no longer employed with ISI).

4. Please identify and describe in detail and with specificity the entire scope of Ms. O'Donnell's job duties, responsibilities and/or assignments during the period of her employment by ISI, and for each such job duty, responsibility and/or assignment identified, describe in detail and with specificity how she performed those job duties, responsibilities and/or assignments, including any and all examples of how her performance of those job duties, responsibilities and/or assignments satisfied or failed to satisfy the expectations of ISI and/or her supervisors.

   ANSWER: See documents produced in response to Plaintiff's First Request for Production.

5. Please identify and describe in detail and with specificity each and every factor or issue that was evaluated, assessed, or considered in making the decision to terminate Ms. O'Donnell's employment with ISI, and for each such factor or issue, provide any and all examples of how her performance satisfied or failed to satisfy the expectations of ISI and/or her supervisors.

   ANSWER: Defendant objects to this Interrogatory on the grounds that it is not within the scope of Rule 26, it is overly broad and vague. Subject to and without waiving the foregoing general and specific objections, Plaintiff was terminated for multiple reasons including:

   a) Plaintiff's refusal to report to or take instruction and direction from her supervisor, Douglas Schneider;

   b) Plaintiff's failure to complete assignments;

   c) Plaintiff's failure to perform her job duties and responsibilities in a timely and professional manner;

   d) Plaintiff's failure to attend mandatory meetings without permission;

   e) Plaintiff's failure to meet her job responsibilities related to the 50th Anniversary Gala event as required and/or directed, including but not limited to the Heritage Foundation reception; failure to generate pre-event press for the Anniversary Gala and other tasks related to ISI celebrating it's 50th Anniversary;

   f) Plaintiff's repeated insubordination to her supervisors;

   g) Plaintiff's failure to complete press releases and other public relations tasks as part of her job duties with ISI;

        h)     Plaintiff's misrepresentation of public relations opportunities for ISI to her supervisors; and

        i)     Plaintiff's continued promotion of *The Passion of the Christ*, even though she was directed not to because it was not part of the mission of ISI;

        k)     Plaintiff's misrepresentations to her supervisors regarding her responsibilities related to the promotion of *The Passion of the Christ.*

See documents produced in response to Plaintiff's First Request for Production for examples of the aforementioned reasons.

6.     Please identify and describe in detail and with specificity each and every attempt or effort that was made, discussed, contemplated, evaluated, or assessed to address the concerns raised by Ms. O'Donnell to her supervisor(s) that she was being discriminated against because of her gender, and identify each and every person who participated in each and every such attempt or effort.

        **ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not within the scope of Rule 26, it is overly broad and vague. Defendant further objects to this Interrogatory because it assumes Plaintiff raised concerns to her supervisor(s) that she was being discriminated against because of her gender prior to ISI's decision to terminate her. Subject to and without waiving the foregoing general and specific objections, Plaintiff sent Defendant a letter dated February 20, 2004, and seeking an explanation for ISI's decision to appoint Douglas Schneider as Plaintiff's supervisor. Such an explanation had been provided to Plaintiff prior to February 20, 2004. By February 20, 2004, Defendant had already decided to terminate Plaintiff on February 24, 2004. At the February 24, 2004, termination meeting with Jeff Nelson, Plaintiff informed Defendant that she had paperwork ready to file with the EEOC and threatened to sue Defendant unless Defendant offered her a severance package she considered satisfactory.

7. Please identify and describe in detail and with specificity each and every attempt or effort that was made to evaluate, review, assess, critique, criticize, or judge Ms. O'Donnell's performance as an employee of ISI, and describe in detail and with specificity each and every attempt or effort that was made to communicate the same to Ms. O'Donnell, specifying the date(s) of each such attempt or effort, and the names and job titles of each and every person who participated, in any way whatsoever, in each such attempt or effort.

**ANSWER: Plaintiff received feedback both formally and informally. Plaintiff had a meeting with Jeff Nelson after the Anniversary Gala on November 20, 2003 and December 10, 2003. Any written communications with Plaintiff responsive to this interrogatory is being produced in response to Plaintiff's First Request for Production.**

8. Please identify and describe in detail and with specificity all facts and circumstances surrounding or involving the allegation that Ms. O'Donnell attempted to or requested or directed any other person to delete electronic mail messages or transmissions from ISI's electronic mail system or server, and identify by name and job title each and every person who has knowledge or information concerning these alleged facts and circumstances, including but not limited to those persons whom she allegedly requested or directed to delete such electronic mail messages or transmission, as well as which electronic mail messages or transmissions she allegedly attempted to delete or have deleted, and the date(s) of such alleged attempt to delete or have deleted any electronic mail messages or transmissions.

**ANSWER: Plaintiff requested that Holly Hosler, former ISI employee, delete any and all electronic mail messages sent between Plaintiff and Hosler regarding a non-ISI event, such request has been produced in response to Plaintiff's First Request for Production.**

9. Please identify and describe in detail and with specificity all facts and circumstances surrounding or involving the allegation that Ms. O'Donnell attempted to or requested or directed any other person to obtain confidential or proprietary information from the Collegiate Network, Inc., and identify by name and job title each and every person who has knowledge or information concerning these alleged facts and circumstances, including but not limited to those persons whom she allegedly requested or directed to obtain such information, as well as which information she allegedly attempted to obtain, and the date(s) of each such alleged attempt to obtain such information.

**ANSWER: Plaintiff attempted to obtain the list of Collegiate Network's member database from both Sarah Longwell and Bryan Auchterlonie, former Collegiate Network employees. Plaintiff requested a list of ISI donors from Jeff Cain. Plaintiff gave out ISI login name and pass code via email to a non-ISI employee for their use in connection with Plaintiff's promotion of the movie, *The Passion*. See documents produced in response to Plaintiff's First Request for Production.**

10. Please identify each and every document that was used, consulted, reviewed or analyzed, in any way whatsoever, to provide the responses to these interrogatories, and for each document so identified, specify to which interrogatory(ies) each such document applies and how it was used, consulted, reviewed or analyzed.

**ANSWER: Objection. The interrogatory is vague, overbroad, unduly burdensome, seeks information protected by the attorney-client and attorney work product privileges, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and**

specific objections, responsive non-privileged documents have been produced in response to Plaintiff's First Request for Production.

11. Please provide the name, address and telephone number of each person whom you intend to call as an expert witness at trial in this litigation, briefly describe the qualifications and professional history of each such person, and briefly describe the testimony each such expert witness will provide.

**ANSWER: Defendant objects to this interrogatory on the grounds that it is premature at this early stage of litigation. Subject to and without waiving the foregoing general and specific objections, Defendant will supply this information at an appropriate point in the litigation in accordance with Rule 26.**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/Seth J. Reidenberg
Barry M. Willoughby, Esquire (No. 1016)
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6697
Facsimile: (302) 576-3345; (302) 576-3442
Email: bwilloughby@ycst.com; sreidenberg@ycst.com
Attorneys for Defendant

Dated:

VERIFICATION

STATE OF DELAWARE :
: ss:
NEW CASTLE COUNTY :

I, Elaine Pinder, hereby verify and attest that the responses to the foregoing Interrogatories are true and correct, to the best of my knowledge, understanding and belief at this time.

_____
Authorized Representative
Intercollegiate Studies Institute

_____Elaine J Pinder_____
Print Name

_____CFO_____
Title

SWORN TO AND SUBSCRIBED before me, a Notary Public of the State of Delaware, New Castle County, this 31 day of October, 2007.

_____Rebecca L Evans Herr_____
Notary Public

My Commission Expires: Sept. 13, 2008

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE O'DONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 05-457-JJF |
| | ) |
| INTERCOLLEGIATE STUDIES | ) JURY TRIAL DEMANDED |
| INSTITUTE, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF SERVICE

I, Seth J. Reidenberg, Esquire, hereby certify that on November 2, 2007, a true and correct copy of **Defendant's Answers to Plaintiff's First Set of Interrogatories** were sent by Certified Mail, Return Receipt Requested and U.S. Mail, postage prepaid to the following non-registered participant:

Ms. Christine O'Donnell
518 N. Lincoln Street
Wilmington, DE 19805


YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/S/Seth J. Reidenberg*
Barry M. Willoughby, Esquire (No. 1016)
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6697
Facsimile: (302) 576-3345; (302) 576-3442
Email: bwilloughby@ycst.com;
sreidenberg@ycst.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Seth J. Reidenberg, hereby certify that on November 2, 2007, I electronically filed a true and correct copy of the foregoing **Defendant's Answers to Plaintiff's First Set of Interrogatories** and **Notice of Service** with the Clerk of the Court using CM/ECF and that, on the same day, I caused the **Defendant's Answers to Plaintiff's First Set of Interrogatories** and **Notice of Service** to be served by depositing one copy of same in Certified Mail, Return Receipt Requested and one copy of same in the U.S. First Class Mail, postage prepaid to the following non-registered participant:

        Ms. Christine O'Donnell
        518 N. Lincoln Street
        Wilmington, DE 19805

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */S/Seth J. Reidenberg*
        Barry M. Willoughby, Esquire (No. 1016)
        Seth J. Reidenberg, Esquire (No. 3657)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6666; (302) 571-6697
        Facsimile: (302) 576-3345; (302) 576-3442
        Email: bwilloughby@ycst.com;
        sreidenberg@ycst.com
        Attorneys for Defendant