# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRISTINE O'DONNELL      :
     :     C.A. No.:  05-457-JJF
       Plaintiff,      :
     :
v.      :
     :     TRIAL BY JURY DEMANDED
INTER-COLLEGIATE STUDIES      :
INSTITUTE, INC.      :
     :
       Defendant.      :

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR PRODUCTION

### Preliminary Statement and General Objections

1.     Defendant objects to plaintiff's document requests to the extent that they seek discovery of:

     a.     Information or documents subject to the attorney-client privilege, or any other privilege;

     b.     Information or documents constituting the work product of Defendant or its attorneys; and

     c.     Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or its agents and representatives.

2.     Defendant objects to each document request to the extent that it calls for confidential or private information or documents, including, without limitation, trade secrets, personnel or competitively sensitive information or documents, unless and until the information or documents are the subject of a suitable protective order.  Defendant reserves the right to produce documents and designate certain documents as "confidential" based upon the expectation that the parties will reach agreement on the terms of a protective order.  Defendant reserves the right, however, to withhold further production to the extent that the parties are

unable to reach agreement on the terms of a protective order or to the extent that plaintiff withholds its production pending finalization of a protective order.

3.    Defendant objects to each document request to the extent that it is overbroad, unduly burdensome and attempts to impose duties on Defendant which are not provided for by the Federal Rules of Civil Procedure or other applicable law.

4.    Defendant has made diligent inquiry, but, given the breadth of the information requested, Defendant cannot be certain that it has produced "all" documents responsive to plaintiff's requests. Defendant reserves the right to revise, correct, add to, supplement, and/or clarify any of its responses as may be necessary.

5.    Defendant reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

The responses given by Defendant are subject to these general objections as well as the objections, if any, made to each specific document request.

### Specific Objections and Responses

1.    Please produce a full, complete, accurate and legible copy of Ms. O'Donnell's personnel file, whether the same is known by that or any similar name or title, including each and every document that was included in said personnel file at any time from January 1, 2003 to present.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

2.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to any disciplinary action taken or contemplated with regard to

Ms. O'Donnell during her period of employment at ISI, including but not limited to any written warnings, recorded versions of any verbal warnings or documentation memorializing such warnings, suspensions, and termination, and including but not limited to any documents that were communicated to Ms. O'Donnell, or were communicated to other persons employed or acting on behalf of ISI.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

3.    Please produce a full, complete, accurate and legible copy of any performance reviews, whether the same is known by that or any similar name or title, related to Ms. O'Donnell's employment at ISI.

**RESPONSE:**        **Defendant objects to this Request as vague.  Subject to and without waiving the foregoing specific and general objections,  responsive non-privileged documents are being produced in response to this request for production.**

4.    Please produce a full, complete, accurate and legible copy of any letters of commendation, positive references, compliments, or any other documents whatsoever that relate to any positive comments or critiques of Ms. O'Donnell's performance as an employee of ISI, whether through individual effort or action or as part of a group effort on any project or program.

**RESPONSE:**        **Defendant objects to this Request as vague.  Subject to and without waiving the foregoing specific and general objections,  Defendant is not aware or in possession of any such responsive documents.**

5.     Please produce a full, complete, accurate and legible copy of any transcript of written or video or audio recording of the lecture presented on or about February 27, 2004 by Harvey Mansfield for or through or on behalf of ISI, including any question and answer session held in connection with the same.

**RESPONSE:**     **Defendant objects to this Request as not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing specific and general objections,  the lecture may be downloaded and transcribed by Plaintiff at the Intercollegiate Studies Instute, Inc. website: http://www.isi.org/lectures/lectures.aspx?SM=&SBy=browse&SSub=speaker&SFor=&SS=date&SC=30.**

6.     Please produce a full, complete, accurate and legible copy of each and every electronic mail message, and any attachments thereto, and any other documents or other items or things, that were introduced as evidence, referred to, mentioned, or otherwise relied upon in connection with the preparation and presentation of ISI's position in the unemployment appeals hearing held on or about May 12, 2004.

**RESPONSE:**     **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

7.     Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to any complaints, grievances, claims, demands, suits, charges, investigations, or other allegations of discrimination or harassment (including but not limited to gender discrimination, sexual harassment, and retaliation) that were brought or raised by any

present or former employees of ISI against any other employee, officer, director, agent, or other representative of ISI, or against ISI itself, during the period January 1, 2000 to present.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

8.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to any complaints, grievance, claims, demands, suits, charges, investigations, or other allegations of employment-related misconduct that were brought or raised by any present or former employees of ISI against any other employee, officer, director, agent, or other representative of ISI, or against ISI itself, during the period January 1, 2000 to present.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

9.    Please produce a full, complete, accurate and legible copy of each and every document related to the Collegiate Network, Inc., whether known by that or any similar name, and any attempts or efforts by Ms. O'Donnell, or anyone acting on her behalf or at her request or direction, to obtain documents or other information related to the Collegiate Network, Inc., or any confidential or proprietary information that is maintained, compiled, originated, prepared, or otherwise kept by the Collegiate Network, Inc.

**RESPONSE:**        Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.   Subject to and without waiving the foregoing specific and general objections, Defendant will produce evidence of Ms. O'Donnell's attempts to obtain such information.

10.    Please produce a full, complete, accurate and legible copy of each and every electronic mail message or transmission, including any and all attachments thereto, that were sent to or received by Douglas Schneider, through his ISI electronic mail account, during the period from his date of hire by ISI to present, and that relate in any way whatsoever or mention or refer in any way whatsoever to: Christine O'Donnell; an entity known as Quixtar or Amway (whether identified by those names or any similar name); any real estate venture, purchase, acquisition, transaction, lease, sub-lease, or purchase; and/or any other business venture or opportunity that is separate and unrelated to the operation, mission, goals, or activities of ISI.

**RESPONSE:**        Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.   Furthermore, Defendant objects to producing electronic mail messages prior to when Plaintiff was employed by ISI.   Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.

11.    Please produce a full, complete, accurate and legible copy of each and every electronic mail message or transmission, including any and all attachments thereto, that were sent to or received by Jeff Nelson, through his ISI electronic mail account, during the period January 1, 2000 to present, and relate in any way whatsoever or mention or refer in any way whatsoever to: Christine O'Donnell; an entity known as Quixtar or Amway (whether identified by those names

or any similar name); and/or any other business venture or opportunity that is separate and unrelated to the operation, mission, goals, or activities of ISI.

**RESPONSE:**     **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.  Furthermore, Defendant objects to producing electronic mail messages prior to when Plaintiff was employed by ISI.  Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

12.     Please produce a full, complete, accurate and legible copy of any electronic mail messages or transmissions, including any and all attachments thereto, that were sent to or from, or received by or from, any ISI electronic mail account during the period January 1, 2000 to present, which relate in any way whatsoever or mention or refer in any way whatsoever to: Christine O'Donnell; an entity known as Quixtar or Amway (whether identified by those names or any similar name); and/or any other business venture or opportunity that is separate and unrelated to the operation, mission, goals, or activities of ISI.

**RESPONSE:**     **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.  Furthermore, Defendant objects to producing electronic mail messages prior to when Plaintiff was employed by ISI.  Subject to and without waiving the foregoing specific and general objections, responsive relevant non-privileged documents are being produced in response to this request for production.**

13.    Please produce a full, complete, accurate and legible copy of each and every document that was consulted, reviewed, referred to, relied upon, or used in any way whatsoever to prepare the Answer that was filed in this action.

**RESPONSE:**    **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

14.    Please produce a full, complete, accurate and legible copy of each and every document that was consulted, reviewed, referred to, relied upon, or used in any way whatsoever in connection with Ms. O'Donnell's claim for unemployment benefits, and any appeal brought in connection with such claim for unemployment benefits.

**RESPONSE:**    **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

15.    Please produce a full, complete, accurate and legible copy of each and every document that was consulted, reviewed, referred to, relied upon, or used in any way whatsoever to prepare the response to Ms. O'Donnell's employment discrimination claims (including but not limited to gender discrimination and/or retaliation) that were before the Equal Employment Opportunity Commission and/or the Delaware Department of Labor.

**RESPONSE:**    **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and**

**without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

16.    Please produce a full, complete, accurate and legible copy of each and every document that was consulted, reviewed, referred to, relied upon, or used in any way whatsoever to prepare responses to plaintiff's Interrogatories, Requests for Production, and any other discovery served upon ISI or its counsel, in connection with this action.

**RESPONSE:**        **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

17.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to any alleged for-profit business or other profit-making venture which ISI alleges Ms. O'Donnell operated, or attempted to operate, or entered into during the period of her employment by ISI.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

18.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to any alleged events or incidents of insubordination engaged in by Ms. O'Donnell during her period of employment with ISI.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

19.    Please produce a full, complete, accurate and legible copy, or a detailed list, of each and every document that ISI alleges was of a confidential or proprietary nature, and which ISI alleges Ms. O'Donnell attempted to obtain a copy of, during her period of employment with ISI.

**RESPONSE:**    **Defendant objects to producing proprietary information which Plaintiff attempted to obtain a copy of during her employment with ISI. Subject to and without waiving the foregoing specific and general objections, Defendant will produce evidence of Ms. O'Donnell's attempts to obtain such information.**

20.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to ISI's allegation or contention that the employment relationship between Ms. O'Donnell and ISI was "not working out."

**RESPONSE:**    **Responsive non-privileged documents are being produced in response to this request for production.**

21.    Please produce a full, complete, accurate and legible copy of each and every written or otherwise recorded statement, affidavit, declaration or other document prepared by, for or on behalf of any former or current ISI employee that relates in any way whatsoever to: Ms. O'Donnell's employment by ISI; the termination of her employment; the bases used by ISI to support or justify her termination; any complaints or problems or deficiencies alleged in the performance of her work as an ISI employee; her claim for unemployment benefits; her charge of discrimination before the Equal Employment Opportunity Commission and/or the Delaware Department of Labor; the Complaint filed in this Lawsuit; and the responses being provided to Ms. O'Donnell's interrogatories and/or requests for production.

**RESPONSE:**      **Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

22.     Please produce a full, complete, accurate and legible copy of any employee handbook, personnel manual, employment policy, or any rules or regulations, by whatever name they are known or given by ISI, that ISI contends were in effect during Ms. O'Donnell's period of employment with ISI, including any and all evidence of receipt or acknowledgment of the same by Ms. O'Donnell.

**RESPONSE:**      **Responsive documents are being produced in response to this request for production.**

23.     Please produce a full, complete, accurate and legible copy of each and every expense report, travel report, reimbursement request, or other similar document whereby Ms. O'Donnell requested reimbursement for expenses or costs in connection with her employment at ISI, and any documents attached thereto or provided in connection therewith, and including any and all approvals or rejections of the same.

**RESPONSE:**      **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

24.    Please produce a full, complete, accurate and legible copy of each and every document which ISI contends or alleges constitutes an agreement or contract entered into, or attempted to be entered into, by Ms. O'Donnell, or anyone acting on her behalf or at her direction, on behalf of ISI.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.  Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

25.    Please produce a full, complete, accurate and legible copy of the "System Information Policy" referred to during the appeal hearing on May 12, 2004 in connection with Ms. O'Donnell's claim for unemployment benefits, and any document that shows or purports to show Ms. O'Donnell's receipt or acknowledgment of the same.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

26.    Please produce a full, complete, accurate and legible copy of the "Electronic Mail Notification Form" referred to during the appeal hearing on May 12, 2004 in connection with Ms. O'Donnell's claim for unemployment benefits, and any document that shows or purports to show Ms. O'Donnell's receipt or acknowledgment of the same.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

27.     Please produce a full, complete, accurate and legible copy of the "Hart Electronic Mail Message dated January 27, 1997" referred to during the appeal hearing on May 12, 2004 in connection with Ms. O'Donnell's claim for unemployment benefits, and any document that shows or purports to show Ms. O'Donnell's receipt or acknowledgment of the same.

**RESPONSE:          Responsive documents are being produced in response to this request for production.**

28.     Please produce a full, complete, accurate and legible copy of the job description presented or provided to Ms. O'Donnell at or before the time she was hired by ISI, and any other versions of the job description which ISI contends were in place or effective or controlling for purposes of Ms. O'Donnell's employment at ISI.

**RESPONSE:          Responsive documents are being produced in response to this request for production.**

29.     Please produce a full, complete, accurate and legible copy of any document that shows or purports to show any problem, counseling, disagreement with, or issue related in any way to Ms. O'Donnell's attendance or lack of attendance at any meeting scheduled or conducted by ISI, or any of its departments or divisions, during the period of Ms. O'Donnell's employment at ISI.

**RESPONSE:          Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.   Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

30.    Please produce a full, complete, accurate and legible copy of any document related in any way whatsoever to any and all meetings between Ms. O'Donnell and Jeff Nelson during her period of employment at ISI, including any and all meetings referred to in Mr. Nelson's testimony before the appeals referee on May 12, 2004, in connection with her claim for unemployment benefits, and specifically including but not limited to the meetings which allegedly occurred on or about November 10 or 20, 2003 and December 10, 2003.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and seeks production of attorney-client privileged or attorney work product information. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

31.    Please produce a full, complete, accurate and legible copy of any and all documents related in any way whatsoever to the ISI "Global Communication Strategy Meeting" referred to in the testimony presented before the appeals referee on May 12, 2004, in connection with Ms. O' Donnell's claim for unemployment benefits.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

32.    Please produce a full, complete, accurate and legible copy of any and all documents related to "press kits" or other media or public relations or communications documents that Ms. O'Donnell failed to produce, or produced at a standard in any way lower than what was expected, during her period of employment with ISI.

**RESPONSE:**    Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome.  Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.

33.    Please produce a full, complete, accurate and legible copy of each and every document that shows, or purports to show, that Ms. O'Donnell was working on activities connected to the movie "The Passion of the Christ" during her employment with ISI.

**RESPONSE:**    Responsive non-privileged documents are being produced in response to this request for production.

34.    Please produce a full, complete, accurate and legible copy of each and every document that shows, or purports to show, or supports in any way the contention or allegation that press coverage or publicity of the ISI "Gala event" in October 2003 was in any way unsatisfactory, lacking, substandard, a failure, or less than what was expected or anticipated, including any and all documents that show or purport to show that such problems with the press coverage or publicity for the "Gala" was in any way connected to any action or inaction on the part of Ms. O'Donnell.

**RESPONSE:**    Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome.  Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.

35.    Please produce a full, complete, accurate and legible copy of each and every electronic mail message or transmission, and all attachments thereto, referred to, used or introduced or

attempted to be introduced into evidence during the appeal hearing on May 12, 2004, in connection with Ms. O'Donnell's claim for unemployment benefits.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

36.    Please produce a full, complete, accurate and legible copy of any and all video or audio recordings, and any transcripts thereof, of any meetings held at, by or on behalf of ISI during Ms. O'Donnell's period of employment where Ms. O' Donnell was a participant or attendee, including but not limited to any disciplinary hearings, performance reviews, or meetings where Ms. O'Donnell's performance were discussed, including but not limited to her termination meeting or "exit interview" on February 26, 2004.

**RESPONSE:**        **Defendant is only aware of one meeting, the separation meeting between ISI and Plaintiff, that was audio recorded.  Defendant is producing a cassette tape recording of the meeting in response to this request for production.**

37.    Please produce a full, complete, accurate and legible copy of any and all video or audio recordings, and any transcripts thereof, of any meetings or discussions held at, by or on behalf of ISI prior to, during or after Ms. O'Donnell's period of employment where Ms. O'Donnell was a topic of discussion or where her name or her work performance were mentioned, discussed, critiqued, or otherwise referred to.

**Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Without waiving said objections, Defendant will produce all responsive non-privileged documents.**

38.    Please produce a full, complete, accurate and legible copy of any and all electronic mail messages or transmissions, and any attachments thereto, which ISI contends Ms. O'Donnell, or anyone acting on her behalf or request or direction, deleted, or attempted to delete, at any time during or after her period of employment with ISI.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

39.    Please produce a full, complete, accurate and legible copy of Douglas Schneider's personnel file, whether the same is known by that or any similar name or title, including each and every document that was included in said personnel file at any time from the start or beginning of his employment with ISI to present.

**RESPONSE:**        **Responsive non-privileged documents are being produced in response to this request for production.**

40.    Please produce a full, complete, accurate and legible copy of any and all documents that relate in any way whatsoever to any work assignment given to Ms. O'Donnell during her period of employment which she failed or refused to perform.

**RESPONSE:**        **Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

41.    Please produce a full, complete, accurate and legible copy of each and every document that relates in any way whatsoever to any discussion or mention by Ms. O'Donnell of her leaving

or otherwise terminating her employment with ISI prior to the date of her termination on February 26, 2004.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome.  Furthermore, this Request seeks information protected by the attorney client privilege or work product doctrine.  Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

42.    Please produce a full, complete, accurate and legible copy of each and every document that relates in any way whatsoever to the "March for Life" event, and Ms. O'Donnell's participation and/or involvement in said event, which was testified to during the May 12, 2004 appeals referee hearing in connection with Ms. O'Donnell's claim for unemployment benefits, including but not limited to any document which is or purports to be an objection to or criticism of her participation in or involvement with said event.

**RESPONSE:**    **Responsive non-privileged documents are being produced in response to this request for production.**

43.    Please produce a full, complete, accurate and legible copy of any and all video or audio recordings, and any transcripts thereof, of any meetings, discussions or interviews held between any employee or other representative of ISI and any reporter or other representative of The News Journal and/or Spark Weekly publications (or any other newspapers, magazines, or other publications) that relate in any way whatsoever to ISI's employment of Ms. O'Donnell, the termination of her employment, her work performance at ISI, or the bases for or justification of her termination of employment by ISI, including but not limited to the meeting, discussion or

interview which resulted in the quote by Elaine Pinder in the article which appeared in the April 14, 2004 issue of Spark Weekly.

**RESPONSE:**        **Defendant is not aware of or in possession of any responsive documents.**

44.    Please produce a full, complete, accurate and legible copy of any list of employees of ISI work worked for or on behalf of or in connection with the Collegiate Network, Inc., during the period January 1, 2000 to present.

**RESPONSE:**        **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

45.    Please produce a full, complete, accurate and legible copy of each and every electronic mail message or transmission, and all attachments thereto, that relate in any way whatsoever to work Ms. O'Donnell is alleged to have performed for the movie "The Passion of the Christ" during her period of employment with ISI, including but not limited to the "900+ electronic mail" messages or transmissions referred to during the May 12, 2004 appeals referee hearing in connection with Ms. O'Donnell's claim for unemployment benefits.

**RESPONSE:**        **Responsive documents are being produced in response to this request for production.**

46.    Please produce a full, complete, accurate and legible copy of each and every document that relates in any way whatsoever to the decision by ISI to hire Ms. O'Donnell, or is or purports to be an offer of employment.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

47.    Please produce a full, complete, accurate and legible copy of each and every document that is or purports to be a description of the job duties or tasks Ms. O'Donnell was to have performed during her period of employment by ISI.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

48.    Please produce a full, complete, accurate and legible copy of each and every document that relates in any way whatsoever to the decision to change Ms. O'Donnell's supervisor from Jeff Nelson to Douglas Schneider.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

49.    Please provide a full, complete, accurate and legible copy of each and every document that ISI asserts, alleges, contends or believes to provide support for any and all of the affirmative defenses raised in the Answer filed in this Lawsuit.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome. Furthermore, this Request seeks information**

**protected by the attorney client privilege or work product doctrine. Subject to and without waiving the foregoing specific and general objections, responsive non-privileged documents are being produced in response to this request for production.**

50.    Please produce a full, complete, accurate and legible copy of each and every document which describes or identifies any and all public relations efforts, publicity campaigns, or other marketing efforts, strategies, goals or objectives, by, about or on behalf of ISI, for the period January 1, 2000 to present.

**RESPONSE:**       **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

51.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to women's rights, the rights of working women, women's equality, women's opportunities in the workplace, gender discrimination, sexual harassment, or any other topic related to women's issues, that was prepared, created, authored, developed, edited, written, or otherwise made by any employee or other representative of ISI during the period January 1, 2000 to present.

**RESPONSE:**       **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Defendant is not aware of or in possession of any responsive documents to this request for production.**

52.    Please produce a full, complete, accurate and legible copy of each and every review, critique, criticism, analysis, summary, report or other commentary by any employee or other representative of ISI, related in any way whatsoever to women's rights, the rights of working women, women's equality, women's opportunities in the workplace, gender discrimination, sexual harassment, or any other topic related to women's issues, during the period January 1, 2000 to present.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Defendant is not aware of or in possession of any responsive documents to this request for production.**

53.    Please produce a full, complete, accurate and legible copy of each and every publication that was published by or through or on behalf of ISI during the period January 1, 2000 that deals or addresses in any way whatsoever women's rights, the rights of working women, women's equality, women's opportunities in the workplace, gender discrimination, sexual harassment, or any other topic related to women's issues.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Defendant is not aware of or in possession of any responsive documents to this request for production.**

54.    Please produce a full, complete, accurate and legible copy of each and every video or audio recording, and any transcripts thereof, or any lecture, presentation, speech, talk, public appearance, or other public presentation that was given or made by or through or on behalf of ISI during the period January 1, 2000 that deals or addresses in any way whatsoever women's rights, the rights of working women, women's equality, women's opportunities in the workplace, gender discrimination, sexual harassment, or any other topic related to women's issues.

**RESPONSE:**        **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and does not identify with particularity the documents sought to be produced.  Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Defendant is not aware of or in possession of any responsive documents to this request for production.**

55.    Please produce a full, complete, accurate and legible copy of each and every document related in any way whatsoever to discipline, for any reason whatsoever, for any and all former and/or current employees or other representatives of ISI during the period January 1, 2000 to present.

**RESPONSE:**        **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, designed to harass, embarrass, annoy and oppress. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

56.    Please produce a full, complete, accurate and legible copy of any and all policies in place or in effect at ISI during the period January 1, 2000 to present that relate in any way whatsoever to the destruction of documents or deletion of electronic mail messages or transmissions.

**RESPONSE:**        No **written policy existed at the time of Plaintiff's employment.**

57.    Please produce a full, complete, accurate and legible copy of each and every electronic mail message or transmission, and all attachments thereto, that are or were contained on ISI's electronic mail system or server during the period January 1, 2003 to present that include, either in the subject line or the body of the text, the following word(s) or word combinations: Christine O'Donnell; O'Donnell; Mel Gibson; The Passion of the Christ (or any variation thereof); Quixtar; or Amway.

**RESPONSE:**        **Responsive documents are being produced in response to this request for production.**

58.    Please produce a full, complete, accurate and legible copy of any and all computer or computer network management, administrative, tracking, traffic, or statistic-gathering information showing visits to or accessing of the website www.quixtar.com or any page or section of that website from any computer that is or was owned, operated, or included on any computer network operated or maintained by ISI, during the period January 1, 2000 to present.

**RESPONSE:**        **Defendant is not aware of or in possession of any documents responsive to this request for production.**

59.    Please produce a full, complete, accurate and legible copy of any and all organizational charts, whether known by that or any other name, for ISI during the period January 1, 2003 to present.

**RESPONSE:**        **Responsive documents are being produced in response to this request for production.**

60.    Please produce a full, complete, accurate and legible copy of any and all staff directories, whether known by that name or any other name, for ISI during the period January 1, 2003 to present.

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

61.    Please produce a full, complete, accurate and legible copy of any and all diaries, daily calendars, journals, daily reminders, calendars, or personal notebooks for Bryan Auchterlonie, Jeff Cain, Matthew Chalfant, Jennifer Connolly, T. Kenneth Cribb, Eileen Duke, Holly Feldheim, Holly Hosler, Sarah Longwell, John F. Lulves, H. Spenser Masloff, Jeffrey O. Nelson, Elaine Pinder, Michael Ratliff, and Douglas Schneider, whether the same are stored or maintained in written or electronic or any other format, for the period January 1, 2003 to March 31, 2004.

**RESPONSE:**    **Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, designed to harass, embarrass, annoy and oppress. Furthermore, this request for production seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

62.    Please produce a full, complete, accurate and legible copy of all documents prepared by, for, or on behalf of John F. Lulves, during the period January 1, 2003 to March 31, 2004, which refer to or mention in any way whatsoever Ms. O'Donnell, the October 2003 Gala event, and/or the movie "The Passion of the Christ."

**RESPONSE:**    **Responsive documents are being produced in response to this request for production.**

63.    Please provide a list of any and all documents that are being withheld from production under a claim of privilege, confidentiality, or proprietary status, setting forth: a brief description of the document and what it contains, describes, or the subject matter thereof; the maker or preparer of each such document; the date of each such document; and the privilege, confidential or proprietary nature of which ISI contends applies to each such document that precludes production of the same.


**RESPONSE:**    **A privilege log will be produced.**


                                    YOUNG CONAWAY STARGATT &
                                    TAYLOR, LLP


                                    */S/Seth J. Reidenberg*
                                    Barry M. Willoughby, Esquire (No. 1016)
                                    Seth J. Reidenberg, Esquire (No. 3657)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    P.O. Box 391
                                    Wilmington, Delaware 19899-0391
                                    Telephone: (302) 571-6666; (302) 571-6697
                                    Facsimile: (302) 576-3345; (302) 576-3442
                                    Email: bwilloughby@ycst.com;
                                    sreidenberg@ycst.com
DATED: November 2, 2007             Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTINE O'DONNELL,               )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No.: 05-457-JJF
                                   )
INTERCOLLEGIATE STUDIES            )        JURY TRIAL DEMANDED
INSTITUTE, INC.,                   )
                                   )
            Defendant.             )

## <u>NOTICE OF SERVICE</u>

I, Seth J. Reidenberg, Esquire, hereby certify that on November 2, 2007, a true

and correct copy of **Defendant's Response to Plaintiff's First Set of Requests for Production**

were sent by Certified Mail, Return Receipt Requested and U.S. Mail, postage prepaid to the

following non-registered participant:

> Ms. Christine O'Donnell
> 518 N. Lincoln Street
> Wilmington, DE 19805


> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
>
>
> */S/Seth J. Reidenberg*
> Barry M. Willoughby, Esquire (No. 1016)
> Seth J. Reidenberg, Esquire (No. 3657)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Telephone: (302) 571-6666; (302) 571-6697
> Facsimile: (302) 576-3345; (302) 576-3442
> Email: bwilloughby@ycst.com;
> sreidenberg@ycst.com
> Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Seth J. Reidenberg, hereby certify that on November 2, 2007, I electronically filed a true and correct copy of the foregoing **Defendant's Response to Plaintiff's First Set of Requests for Production** and **Notice of Service** with the Clerk of the Court using CM/ECF and that, on the same day, I caused the **Defendant's Response to Plaintiff's First Set of Requests for Production** and **Notice of Service** to be served by depositing one copy of same in Certified Mail, Return Receipt Requested and one copy of same in the U.S. First Class Mail, postage prepaid to the following non-registered participant:

Ms. Christine O'Donnell
518 N. Lincoln Street
Wilmington, DE 19805


YOUNG CONAWAY STARGATT &
TAYLOR, LLP


*/S/Seth J. Reidenberg*
Barry M. Willoughby, Esquire (No. 1016)
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; (302) 571-6697
Facsimile: (302) 576-3345; (302) 576-3442
Email: bwilloughby@ycst.com;
sreidenberg@ycst.com
Attorneys for Defendant